IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF VIRGINIA

*Lynchburg Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.6:18CR00002-001 |
| | ) | |
| | ) | |
| KATHLEEN VARNER | ) | |

# **DEFENDANT'S SENTENCING MEMORANDUM**

Respectfully Submitted:

s/ Neil A. Horn, Esq.
Counsel for the Defendant

Dated: March 3, 2019

1

TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................... 3

I.   INTRODUCTION............................. 4

II.  THE DEFENDANT............................ 6

III. THE OFFENSE.............................. 7

IV.  SENTENCING FACTORS AS APPLIED TO THIS DEFENDANT... 8

V.   CONCLUSION............................... 10

# TABLE OF AUTHORITIES

1. Gall v. United States, 552 U.S. 38 (2007)

2. Koon v. United States, 518 U.S. 81 (1996)

3. United States v. Booker, 125 S. Ct. 738 (2005)

4. United States v. Nelson, 555 U.S. 350 (2009)

5. United States v. Ohlovsky, 562 f.3d 530 (3d Cir. 2009)

I.  INTRODUCTION

The Defendant respectfully submits this memorandum to assist the Court in fashioning a sentence **"sufficient but not greater than necessary"** to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) and the directive contained in United States v. Booker, 125 S. Ct. 738 (2005).

Prior to 2005 the Sentencing Guidelines dominated Federal sentencing.  However, that year in its Booker decision, the Supreme Court fundamentally changed the nature of what had become Federal sentencing procedure.  In Booker, the Court restored the district court's ability to fashion a sentence tailored to the individual circumstances of the case and defendant.  Though they remain a useful sentencing tool, the Guidelines no longer control the final sentencing decision.  They provide insight into what a reasonable sentence *may* be, but are only one of many important factors a court must consider when fashioning a sentence.  Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596 (2007).  See also United States Code Section 18 3553(a).

Though they are useful, it has been held that a sentencing court may not presume the Guidelines to be reasonable, United States v. Nelson, 555 U.S. 350, 129 S. Ct. 890, 892 (2009) (per curiam), nor may it presume the Guidelines dictate what a reasonable sentence might be. United States v. Olhovsky, 562 f.3d 530, 550 (3d. Cir. 2009). Indeed, under Section 3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

The Supreme Court in Koon v. United States, described the Court's task succinctly: "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. 518 U.S. 81, 113 (1996).

In other words, the district court judge is not constrained by arbitrary guidelines but has very broad discretion in sentencing each individual defendant.

In this case, Ms. Varner asks the Court to consider her individual circumstances and to make an individualized decision as to an appropriate sentence. First, she asks the Court to consider her extensive substance abuse problem. Second, the origins of drug abuse, the events in

5

her life that exacerbated the problem and her sincere desire to be "clean" and end her destructive addiction. Third, her education and specialized work experience prior to her involvement in criminal activity. And, fourth, her cooperation with law enforcement in this case and other cases.

II.  THE DEFENDANT

Kathleen Varner is 36 years old.  She is married but has been separated from her husband, Loren Varner, for several years.  The marriage produced one child, a son named Jackson Dean Varner.  Jackson is currently 8 years old and lives with Ms. Varner's mother-in-law in Waynesboro, VA.

Ms. Varner is intelligent and well educated.  She graduated from high school in 2000 and attended the Richmond School of Health and Technology where she completed the Practical Nurse Program in 2005.  Ms. Varner went on to be a licensed practical nurse and worked for the University of Virginia Health System for seven years.  That career ended due to her substance abuse and the criminal activity that went along with it.  She continued to work legitimately for a period but her drug dealing soon became predominant.  This continued until her arrest on state

6

charges in 2017.  As of the writing of this memorandum, Ms. Varner has been in jail continuously for approximately 17 months.

Ms. Varner's substance abuse problem unfortunately began soon after graduating high school.  Though she admits to experimenting with marijuana and alcohol while a juvenile, her introduction to more powerful and addictive drugs started in 2002.  At present, her drug of addiction is methamphetamine.  It appears trauma in her personal life, such as the death of her mother in 2014, triggers Ms. Varner to intensify her drug usage.  Ms. Varner is now 36 and better able to look back on her life and recognize how personally destructive her behavior has been.  She also has the insight to sincerely want to change and end her drug addiction.  Ms. Varner hopes to receive drug treatment during her period of incarceration and thereafter.

III. THE OFFENSE

Ms. Varner entered a guilty plea pursuant to a plea agreement on July 25, 2018, and was found guilty.  Ms. Varner does not object to the description of the offense conduct as detailed by the probation officer in the pre-sentence report.  Ms. Varner did not file an objection to

7

the report and accepted responsibility for her criminal conduct.

IV. SECTION 3553(a)SENTENCING FACTORS AS APPLIED TO THIS DEFENDANT

Section 3553(a) sets out the sentencing factors the court must examine when formulating a sentence for Ms. Varner. The most important phrase in that entire statute, as it relates to this sentencing event, is **sufficient but not greater than necessary**. Ms. Varner's sentencing argument is succinct.

Ms. Varner's conspiracy conviction calls for a mandatory minimum sentence of 10 years in prison. Ten years alone is a significant amount of time and plainly reflects the serious nature of Ms. Varner's actions. The sentencing Guidelines, at their upper end, however *suggest* a sentence greater than that. Though it is certainly possible to argue for a more substantial sentence, in this case, no more than 10 years is the best choice. Ms. Varner has the background and ability to enable her to resume a normal life and become a valuable, productive member of society. Ms. Varner's maturity enables her to benefit from any educational and/or drug treatment opportunities provided during incarceration. It will also help her

defeat her addiction once released. Separating Ms. Varner from society for more than 10 years is greater than necessary and therefore unwarranted according to the numerous cases cited above. In addition, Ms. Varner has a young son that needs her, and an extended family and friends that can help her rebuild a life once released. Though she has a significant criminal history, none of it is violent, and it appears most of it is related to her drug use and dealing. Thus, a sentence of no more than 10 years achieves the statutory goals: it reflects the seriousness of the offense, promotes respect for the law and will deter Ms. Varner from committing the same or similar crime in the future.

Finally, the Court should be aware that after her arrest Ms. Varner cooperated extensively with Federal and State law enforcement in the prosecution of these and related cases. Counsel will present specific information on the extent of his client's cooperation at the sentencing hearing. Ms. Varner asks the Court to take this into account as it contemplates its sentencing decision.

Because of these and other circumstances, Ms. Varner asks the Court to conclude that the mandatory minimum sentence of 10 years is reasonable and sufficient under the factors set out in 18 U.S.C. 3553(a).

V.   CONCLUSION

In conclusion, Ms. Varner asks the Court to sentence her to a term of imprisonment commensurate to what she was convicted of, commensurate to her background and ability, the depth of her methamphetamine addiction, and commensurate to the extent of her cooperation with the Government.  Ms. Varner asks the Court to consider a departure below the mandatory minimum if the Court is legally permitted to do so, but if not, then certainly no more than 10 years.  Such a sentence would be sufficient but not greater than necessary to meet the purposes of punishment under our law.

Respectfully Submitted,

s/ Neil A. Horn, Esq.
Counsel for the Defendant

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Memorandum was sent via electronic notification to Andrew Bassford, Esquire, Assistant United States Attorney, U.S. Attorney's Office, Roanoke, VA on this 3rd day of March, 2019.

                                        <u>s/ Neil A. Horn</u>


Neil A. Horn, Esq.
321 Campbell Ave. SW
Roanoke, VA  24016
(540) 345-1662
(540) 345-1663 Facsimile
Counsel for Defendant
VSB No. - 41555